UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION



FILED
JUN 04 2021
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
TOLEDO

KATHLEEN ANN KAUFMAN

    Plaintiff,

V

JAMES KNIPP and WAGNER FARMS, INCORPORATED,

    Defendants.

Case No.:
Hon.:

3:21 CV 1128

JUDGE ZOUHARY

MAG JUDGE CLAY

---

**Kathleen Ann Kaufman**
**Pro Se**
**2125 Milverton**
**Troy, Michigan 48083**
**(248) 225-1226**

---

## COMPLAINT

### PARTIES, JURISDICTION, AND VENUE

    The Plaintiff, Kathleen Ann Kaufman, for her complaint against defendants, James Knipp and Wagner Farms, Incorporated, states as follows:

    1.    Plaintiff Kathleen Ann Kaufman resides in the City of Troy, County of Oakland, State of Michigan.

    2.    Defendant James Knipp resides in the Village of Lindsey, County of Sandusky, State of Ohio.

    3.    Defendant Wagner Farms, Incorporated has its principal place of business in the Village of Wayne, County of Wood, State of Ohio.

1

4. The auto accident that is the subject of this Complaint occurred in the City of Richburg, County of Chester, State of South Carolina.

5. Since Plaintiff Kaufman and Defendants Knipp and Wagner Farms, Incorporated are citizens of Michigan and Ohio, respectively, and the amount in controversy herein exceeds $75,000.00, this matter properly satisfies the requirements of diversity jurisdiction and is within the jurisdiction of this Honorable Court.

## COMMON ALLEGATIONS

6. Plaintiff incorporates by reference each and every allegation contained in paragraphs 1 through 5 as though fully stated herein.

7. On June 4, 2018, Plaintiff Kathleen Kaufman's vehicle was traveling northbound on I-77 in Chester County, South Carolina.

8. Defendant James Knipp was operating a trucking vehicle which was traveling northbound on I-77.

9. The vehicle involved in this accident, a 2012 Semi-Truck, (Vin # 1NPXGGGG70D191696) was owned by Defendant Wagner Farms, Incorporated.

10. Defendant Wagner Farms, Incorporated is a freight shipping and trucking company and is subject to the regulations of the U.S. Department of Transportation.

11. At all relevant times, Defendant James Knipp, was operating the vehicle while he was in the course of his employment with Defendant Wagner Farm, Incorporated.

12. Defendant James Knipp decided to change the lane that his vehicle was traveling in, merged left directly in front of Plaintiff Kaufman's vehicle, and collided into her vehicle when he merged lanes. On the police report, Defendant James Knipp, was listed at fault.

13. Due to the negligence of Defendant James Knipp, Plaintiff Kathleen Ann

2

Kaufman was injured, incurred significant medical expenses, and experienced pain and suffering.

14. Defendant Wagner Farms, Incorporated is liable to Plaintiff under *respondeat superior*.

## COUNT I - NEGLIGENCE OF JAMES KNIPP

15. Plaintiff hereby incorporates by reference each and every allegation contained in paragraphs 1 through 14 as though fully stated herein.

16. While operating a vehicle, Defendant James Knipp, owed the following duties of care to Plaintiff:

    a. to pass another vehicle proceeding in the same direction at a safe distance, SCCL 56-5-1840(1);

    b. to ensure that the left side is clearly visible, that the driver's view is free of obstruction, and that the lane change can be completely made without interfering with an overtaken vehicle, SCCL 56-5-1860;

    c. to keep the vehicle entirely within a single lane and not move from the lane until the driver has first ascertained that such movement can be made with safety SCCL 56-5-1900(1);

    d. to give an appropriate signal before changing lanes, SCCL 56-5-2150; and

    e. other duties that may become apparent during discovery.

17. At the above-mentioned time and place and in violation of these duties, Defendant James Knipp drove in a negligent, careless, and reckless manner, negligently striking Plaintiff Kathleen Ann Kaufman, whose vehicle had been lawfully present on the highway.

18. Defendant Knipp violated his duties to Plaintiff under state statutes, local ordinances, and the common law, and committed, *inter alia*, the following acts of negligence:

    a. failed to pass Plaintiff's vehicle proceeding in the same direction at a safe distance, SCCL 56-5-1840(1);

3

    b.    failed to ensure that the left side is clearly visible, that Defendant's view was free of obstruction, and that the lane change can be completely made without interfering with Plaintiff's vehicle, SCCL 56-5-1860;

    c.    failed to keep the vehicle entirely within a single lane and not move from the lane until Defendant had first ascertained that such movement can be made with safety SCCL 56-5-1900(1);

    d.    failed to give an appropriate signal before changing lanes, SCCL 56-5-2150; and

    e.    failed to observe his surroundings when Defendant knew or should have known that failure to observe his surroundings would endanger the life or property of other persons in the vicinity;

    f.    other acts that may become apparent during discovery.

19.    As a direct and proximate result of Defendant James Knipp's breach of his duties, Plaintiff Kathleen Ann Kaufman was injured, incurred significant medical expenses, and experienced pain and suffering.

**WHEREFORE**, Plaintiff Kathleen Ann Kaufman respectfully requests that this Honorable Court enter a Judgment against Defendant James Knipp in such an amount as the trier of fact shall determine to be fair and just, but which sum will clearly exceed Seventy-Five Thousand Dollars ($75,000.00), together with interest, costs, attorney fees, and such other relief as this Court may deem appropriate, in equity, fairness and good conscience.

### COUNT II – OWNER'S LIABILITY OF WARNER FARMS, INCORPORATED

20.    Plaintiff hereby incorporates by reference each and every allegation contained in paragraphs 1 through 19 as though fully stated herein.

4

21. Defendant Wagner Farms, Incorporated is liable to Plaintiff under *respondeat superior* for the negligent operation of their motor vehicle by their employed driver, Defendant James Knipp.

22. Since Defendant Knipp was employed by Defendant Wagner Farms, Incorporated at the time of the accident's occurrence, it is established that Defendant Knipp had express or implied consent or permission to operate Defendant Wagner Farms, Incorporated's truck when the accident occurred.

23. At all relevant times, Defendant James Knipp was acting as the employee of Defendant Wagner Farms, Incorporated and was operating his employer's truck within the scope of his authority for his employment position.

24. Thus, Defendant Wagner Farms, Incorporated is equally liable with Defendant James Knipp for all of acts and omissions that Defendant James Knipp participated in which led to the accident's occurrence.

25. As a direct and proximate result of Defendant Wagner Farms, Incorporated's negligence, Plaintiff Kathleen Ann Kaufman was seriously injured and suffered the following damages:

    a. spinal injury;

    b. pain and suffering;

    c. mental anguish;

    d. fright and shock;

    e. denial of everyday social pleasures and enjoyment;

    f. embarrassment and humiliation; and

  g.  other damages, injuries, and consequences that are found to be related to the automobile accident that developed during the course of discovery.

**WHEREFORE**, Plaintiff Kathleen Ann Kaufman respectfully requests that this Honorable Court enter a Judgment against Defendant Wagner Farms, Incorporated in such an amount as the trier of fact shall determine to be fair and just, but which sum will clearly exceed Seventy-Five Thousand Dollars ($75,000.00), together with interest, costs, attorney fees, and such other relief as this Court may deem appropriate, in equity, fairness and good conscience.

*[signature]*
**Kathleen Kaufman**
Pro Se
2125 Milverton
Troy, Michigan 48083
(248) 225-1226

Dated: June 3, 2021