IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| KATHLEEN ANN KAUFMAN,<br><br>　　　　Plaintiff,<br><br>v.<br><br>JAMES KNIPP and WAGNER FARMS, INCORPORATED,<br><br>　　　　Defendant. | CASE NO. 3:21-CV-1128-DAC<br><br>MAGISTRATE JUDGE DARRELL A. CLAY<br><br>**MEMORANDUM OF OPINION AND ORDER DENYING WITHOUT PREJUDICE DEFENDANTS' MOTION TO STAY EXECUTION ON JUDGMENT AND PROCEEDINGS TO ENFORCE JUDGMENT PENDING APPEAL**<br>[ECF #110] |

**INTRODUCTION**

This personal injury case is before me on the parties' consent pursuant to 28 U.S.C. § 636(c). (ECF #15). Following entry of an amended final judgment in favor of Plaintiff Kathleen Kaufman in the amount of $1,308,180.94 (ECF #107), Defendants James Knipp and Wagner Farms, Inc. move for a stay of judgment, in whole or in part, pursuant to Rule 62 of the Federal Rules of Civil Procedure (ECF #110).

For the reasons that follow, I **DENY** Defendants' motion without prejudice to their ability to file an amended motion, if they so desire. I also set the amount required for a supersedeas bond.

**BACKGROUND FACTS**

On January 17, 2024, following post-trial motion practice, I issued an amended final judgment in favor of Ms. Kaufman and against Defendants for $1,308,180.94. (ECF #107). Defendants timely filed a Notice of Appeal to the Sixth Circuit on February 13, 2024. (ECF #108).

Three days later, Defendants filed their Motion for Stay. (ECF #110). Attached to the stay was a "Recognizance" from Defendants' insurer, Canal Insurance Company. (ECF #110-1). The "Recognizance" takes the form of an affidavit signed by Paul Green, Vice President of Claims and

1

Chief Claims Officer of Canal Insurance Company. Mr. Green avers that Canal Insurance Company "admits its liability under said policy for the Judgment in this matter, to the extent that said judgment is affirmed on appeal, together with any interest that has accrued to said judgment as a matter of law, up to, but not exceeding, the amount of available coverage in the policy." (*Id.* at PageID 1979). Mr. Green further states that, due to a prior payment on behalf of Defendants to Ms. Kaufman's subrogee, "as of the execution of this Recognizance, the available coverage under said policy is $996,062.40, which amount is hereby pledged as security for the aforementioned Judgment, interest, and costs." (*Id.* at PageID 1980).

Defendants' motion further states that Wagner Farms, Inc. "has been diligently seeking to obtain a bond sufficient to secure the balance of the Judgment, but as of yet has been unable to do so inasmuch as its excess carrier has disclaimed coverage and the use of its agricultural property as collateral to secure a bond has proven to be a time-intensive project that could not be accomplished by the expiration of the 30-day automatic stay under Fed. R. Civ. P. 62(A)." (ECF #110 at PageID 1977). Defendants provide no further details concerning their efforts to procure a bond.

Defendants' motion requests that execution on the judgment be stayed "pending resolution of the appeal based on the security provided by the attached Recognizance and policy." (*Id.*). Alternatively, Defendants ask for "an order staying execution on $996,062.40 of the Judgment, as secured by the attached Recognizance and policy, and allowing for execution on the balance of the Judgment to be stayed at such time as a sufficient bond or other security can be obtained and provided." (*Id.*). Defendants represent that Ms. Kaufman's counsel declined to concur in Defendants' requested relief. (*Id.*).

Ms. Kaufman has not yet responded to Defendants' motion. But on February 19, 2024, she filed a Praecipe for a Writ of Execution. (ECF #111). I therefore determine it is appropriate to decide Defendants' motion on an expedited basis, without awaiting briefing from Ms. Kaufman.

LAW AND ANALYSIS

Federal Rule of Civil Procedure 62 governs when proceedings to enforce a judgment shall be stayed. In pertinent part, that rule provides as follows: "At any time after judgment is entered, a party may obtain a stay by providing a bond or other security. The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or

2

other security." Fed. R. Civ. P. 62(b). A party appealing a decision by a federal district court "is entitled to a stay of a money judgment as a matter of right *if he posts bond.*" *Am. Mfrs. Mut. Ins. Co. v. Am. Broad-Paramount Theaters, Inc.*, 87 S. Ct. 1, 3 (1966) (emphasis added). Rule 62(b) protects both parties' interests by ensuring the judgment credit can recover in full if the decision is affirmed while simultaneously protecting the judgment debtor against a risk it cannot recover any payment made in the event a decision is reversed. *See Maxum Indem. Co. v. Drive W. Ins. Servs., Inc.*, No. 1:13-cv-191, 2019 WL 340107, at *1 (S.D. Ohio Jan. 28, 2019), *appeal dismissed*, No. 18-4159, 2019 WL 2297347 (6th Cir. Feb. 20, 2019). Although a district court cannot deny the stay itself, it possesses the discretion to fix the amount of the bond or waive the bond entirely. *Id.* (quoting *Buckhorn Inc. v. Orbis Corp.*, No. 3:08-cv-459, 2014 WL 4377811, at *1 (S.D. Ohio Sept. 3, 2014), *rev'd in part on other grounds*, 618 F. App'x 1000 (Fed. Cir. 2015)). As a rule, a full bond "should almost always be required." *Id.* A full bond "include[s] the full amount owed under the award, post-judgment interest, attorney's fees and costs." *Verhoff v. Time Warner Cable, Inc.*, No. 3:05CV7277, 2007 WL 4303743, at *2 (N.D. Ohio Dec. 10, 2007) (citing cases).

District courts within the Sixth Circuit have required parties seeking a stay of execution of judgment without a supersedeas bond to demonstrate "extraordinary circumstances" justifying such a waiver. *See, e.g., id.* (citing cases); *Monks v. Long Term Disability Benefits Plan for Certain Employees of Champion Int'l Corp. #703*, No. 1:08-cv-752, 2012 WL 1598294, at *2 (S.D. Ohio Sept. 3, 2014); *Buckhorn*, 2014 WL 4377811, at *2-3. Among the factors a court may consider when deciding whether to waive a supersedeas bond are: "1) the protection offered by the bond to the prevailing party below; 2) whether posting the bond would pose an undue financial burden on the appellant; 3) the risk that appellee's interests may be irreparably harmed; and 4) the burden on the appellee to enforce his/her judgment in a foreign jurisdiction." *Verhoff*, 2007 WL 4303743, at *2 (citing cases).

To depart from the requirement of a full bond, a court "'should place the burden on the moving party to objectively demonstrate the reasons for such a departure.'" *Hamlin v. Charter Tp. of Flint*, 181 F.R.D. 348, 353 (E.D. Mich. 1998) (quoting *Poplar Grove Planting and Refining Co., v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1191 (5th Cir. 1979)). Waiver of the bond requirement has been found appropriate, for example, "'where the defendant's ability to pay the judgment is so

3

plain that the cost of the bond would be a waste of money; and . . . where the requirement would put the defendant's other creditors in undue jeopardy." *Id.* (quoting *Olympia Equip. Leasing Co. v. Western Union Telegraph Co.*, 786 F.2d 794, 796 (7th Cir. 1986)). "The opposing party has no obligation to introduce evidence to the contrary." *Id.*

Courts have rejected a request for a stay where a judgment debtor claimed that "readily available funds exist to satisfy the judgment, and that part of the judgment will be satisfied by an insurance company which possesses funds in excess of the entire judgment." *Id.* In reaching this conclusion, the *Hamlin* Court explained:

> even if Defendants demonstrated the existence of funds in excess of the judgment, waiving the bond on this factor alone ignores the dual protections Rule 62(d) is designed to provide the appellee. Waiving the bond requirement would deprive Mr. Hamlin of his right to execute the judgment immediately, without providing him the protection to which he is entitled. Rule 62(d)'s bond requirement serves a substantial function in balancing the parties' interest and is not a mere formality that should be waived simply because the losing party has adequate funds to satisfy the judgment. Ideally, losing parties will always have sufficient funds to pay the award, but if this fact alone were enough to waive the bond requirement, the bond requirement would essentially be a nullity. Defendants have the burden of proving not merely that they are capable of satisfying the judgment, but rather that their ability to do so is so plain that requiring a bond would simply be a waste of money. In light of the protection and compensation that the bond would provide to Mr. Hamlin, the cost of the bond clearly would not be without benefits to balance the cost of posting it. Therefore, Defendants have failed to meet their burden of persuading the Court that the bond should be waived.

*Id.* at 353-54.[1]

Federal courts have also rejected reliance on an insurer's "recognizance," noting that this is a procedural mechanism available under Michigan law but not under federal Rule 62. *See Cohen v. Jaffe, Raitt, Heuer & Weiss, P.C.*, No. 16-CV-11484, 2017 WL 11495286, at *1 (E.D. Mich. Dec. 21, 2017). The *Cohen* Court further detailed why reliance on a "recognizance" in lieu of a full supersedeas bond is inappropriate:

> In this case, defendants' only argument is that the affidavits of recognizance demonstrate that insurance proceeds are available to satisfy the judgment. However, the post-judgment motion and appeal period could extend for years, and there is no

---

[1] The *Hamlin* Court was construing a prior version of Rule 62; the operative language of current Rule 62(b) concerning a bond was previously in Rule 62(d).

> assurance that in that time other claims will not be made against the insurance policies for the same coverage period. The admission of the insurers' obligation to pay the judgment "not to exceed the amount of liability" under their policies is simply not sufficient to waive the bond requirement under Rule 62.

*Id.*

In light of the foregoing, I conclude that Defendants' motion does not meet the requirements of Rule 62(b) and must be denied. The "Recognizance" of Canal Insurance Company submitted on Defendants' behalf is inadequate, both procedurally and because it does not secure the full amount of the judgment plus post-judgment interest that will accrue during the pendency of their appeal. Indeed, the available coverage of $996,062.40 leaves nearly 25% of the principal judgment amount unprotected without accounting for post-judgment interest. Moreover, I take judicial notice of the pendency of another action in this Court arising from the same automobile accident that was at issue in this case. *See Kaufman v. Knipp*, N.D. Ohio Case No. 3:24-cv-00095, ECF #1 at PageID 1. Defendants' insurance policy appears to provide $1,000,000 in coverage "for any one accident or loss" (ECF #110-1 at PageID 1984). Should the second action in this Court be resolved before Defendants' appeal of the judgment in this case is finally decided, the amounts available under Defendants' policy to satisfy the judgment in Ms. Kaufman's favor may be further diminished.

Likewise, Defendants do not come close to meeting the burden of demonstrating exceptional circumstances warranting waiver of the bond requirement. They do not assert they have available funds to satisfy the judgment, nor is that fact plainly evident. They "have also failed to come forward with any specific evidence as to their financial status." *American Furukawa, Inc. v. Hossain*, No. 14-13633, 2017 WL 9719047, at *3 (E.D. Mich. Nov. 22, 2017). Defendants have not further detailed their efforts to secure a supersedeas bond, other than to say they have found the process "time-consuming." (ECF #110 at PageID 1977). Even if accurate, that fact has no relevance under Rule 62 or the factors detailed by the court in *Verhoff*.

I will, however, deny the motion without prejudice and authorize Defendants to file an amended motion, if they so desire. I also find it appropriate to fix the amount of a supersedeas bond in the event that Defendants wish to post one in connection with an amended motion for a

5

stay pending appeal. As noted above, a full bond "include[s] the full amount owed under the award, post-judgment interest, attorney's fees and costs." *Verhoff*, 2007 WL 4303743, at *2.

While it is impossible to know precisely how long it will take for the Sixth Circuit to decide Defendants' appeal, "[o]ther courts have used the average amount of time that it takes to decide an appeal in this circuit for guidance." *Jack Henry & Assocs., Inc. v. BSC, Inc.*, 753 F. Supp. 2d 665, 673 (E.D. Ky. 2010) (citing cases). According to publicly available statistics, the Sixth Circuit currently takes, on average, 8.7 months to decide an appeal once the Notice of Appeal is filed. *See* Administrative Office of the U.S. Courts, Federal Judicial Caseload Statistics 2024, Table B-4 (available at http://www.uscourts.gov/sites/default/files/data_tables/jb_b4_0930.2023.pdf) (last visited Feb. 20, 2024). Those statistics include appeals dismissed for lack of jurisdiction or other procedural defects, meaning an appeal decided on the merits after full briefing and oral argument likely takes longer than the average. Therefore, I conclude that one year is a more reasonable time period for Defendants' appeal to remain pending. *See Jack Henry & Assocs., Inc.*, 753 F. Supp. 2d at 674.

Federal law sets the applicable post-judgment interest in a civil proceeding as the "rate equal to the weekly average 1-year constant maturity Treasury yield." 28 U.S.C. § 1961. As of February 15, 2024 – the last reported date available as of the drafting of this order – that rate was 5.33%. *See* Board of Governors of the Federal Reserve System, Selected Interest Rates (Daily) – H.15 (available at http://www.federalreserve.gov/releases/h15/) (last visited Feb. 20, 2024).

One year of post-judgment interest at a rate of 5.33% adds $69,726.04 to the underlying judgment amount of $1,308,180.94. Ms. Kaufman has not sought an award of prejudgment interests, attorney fees, or costs, and so I do not take those into consideration in determining the amount of a supersedeas bond required to stay execution of judgment in this case. Therefore, I fix the amount of the supersedeas bond as $1,377,906.98.

CONCLUSION

For the foregoing reasons, Defendants' Motion to Stay Execution on Judgment and Proceedings to Enforce Judgment Pending Appeal is hereby **DENIED** without prejudice to file an amended motion, if they so desire. Further, I fix the amount of the supersedeas bond required to obtain a stay of proceedings pending appeal as $1,377,906.98. I will not approve a bond in any lesser amount.

6

**IT IS SO ORDERED.**

Dated: February 20, 2024

                                                       DARRELL A. CLAY
                                                      UNITED STATES MAGISTRATE JUDGE